Argued and submitted February 19, affirmed April 15, petition for review denied October 20, 1998 (327 Or 620)

Terry DORVINEN
and Jorene Byers,
*Respondents,*

*v.*

CROOK COUNTY,
*Petitioner,*

*and*

Charlie MOORE,
*Intervenor-Respondent.*

(LUBA 96-208; CA A100500)

957 P2d 180

Peter M. Schannauer argued the cause and filed the brief for petitioner.

Gary Abbott Parks argued the cause and filed the brief for respondents.

No appearance for intervenor-respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

DEITS, C. J.

## DEITS, C. J.

Respondents Dorvinen and Byers (respondents)[1] appealed to LUBA from petitioner Crook County's approval of respondent Moore's application to divide a 40-acre parcel in an exclusive farm use (EFU) zone into three parts and to permit dwellings "not provided in conjunction with farm use" on each of the three resulting parcels. LUBA concluded that the county decision violated ORS 215.780(1), which requires generally that the minimum lot or parcel size in EFU zones must be 80 acres. The county seeks review of LUBA's decision, and we affirm.

■      The county argues first that LUBA erred by reaching the ORS 215.780 issue because, it contends, respondents did not raise that issue in the local proceedings. Respondents disagree but also assert that the county did not appear before LUBA at all, much less object in any way to their arguing about or LUBA addressing ORS 215.780. Therefore, respondents maintain, the county has not preserved for our review the question of whether LUBA erred by reaching an issue that was not preserved at the county level. We agree with respondents, and we turn to the merits.

ORS 215.780 provides, in part:

"(1)   Except as provided in subsection (2) of this section, the following minimum lot or parcel sizes apply to all counties:

"(a)   *For land zoned for exclusive farm use* and not designated rangeland, *at least 80 acres*;

"(b)   For land zoned for exclusive farm use and designated rangeland, at least 160 acres; and

"(c)   For land designated forestland, at least 80 acres.

"(2)   A county may adopt a lower minimum lot or parcel size than that described in subsection (1) of this section in any of the following circumstances[.]" (Emphasis supplied.)

---

[1] We refer to the named persons as "respondents," their designation in this court. Moore, although designated a respondent, is in fact allied with the position of petitioner Crook County. There is a notation in the county's brief that Moore's attorney assisted the county in its preparation. However, Moore has not appeared separately before us.

The quoted language in subsection (2) is followed by paragraphs (a) through (e), which describe, in considerable detail, the circumstances in which a county may adopt a lower minimum lot size.[2]

ORS 215.284(3), which governs "nonfarm dwellings"[3] under the circumstances here, provides:

"In counties not described in subsection (4) of this section, a single-family residential dwelling not provided in conjunction with farm use may be established, subject to approval of the governing body or its designate, in any area zoned for exclusive farm use upon a finding that:

"(a) The dwelling or activities associated with the dwelling will not force a significant change in or significantly increase the cost of accepted farming or forest practices on nearby lands devoted to farm or forest use;

"(b) The dwelling is situated upon a lot or parcel or portion of a lot or parcel that is generally unsuitable land for the production of farm crops and livestock or merchantable tree species, considering the terrain, adverse soil or land conditions, drainage and flooding, vegetation, location and size of the tract. A lot or parcel or portion of a lot or parcel shall not be considered unsuitable solely because of size or location if it can reasonably be put to farm or forest use in conjunction with other land;

"(c) *The dwelling will be sited on a lot or parcel created after January 1, 1993, as allowed under ORS 215.263(4)*;

"(d) The dwelling will not materially alter the stability of the overall land use pattern of the area; and

"(e) The dwelling complies with such other conditions as the governing body or its designate considers necessary."
(Emphasis supplied.)

---

[2] The county's zoning ordinance, like ORS 215.780(1)(a), provides that the minimum lot size for parcels of the kind in question is 80 acres.

[3] "Nonfarm dwellings" is a term commonly used as a synonym for the phrase "dwellings not provided in conjunction with farm use" that appears in ORS 215.284 and other statutes.

We emphasize that other provisions govern the permissibility of nonfarm dwellings in other circumstances, *e.g.*, other subsections of ORS 215.284. However, ORS 215.284(3) is the applicable provision here.

ORS 215.263(4) provides, as relevant:

> "The governing body of a county may approve a division of land in an exclusive farm use zone for a dwelling not provided in conjunction with farm use only if the dwelling has been approved under ORS 215.213(3) or 215.284(3) or (4)."

After analyzing the text, context and legislative history of the above provisions, LUBA interpreted them to mean that, when a partition of EFU land is allowed in connection with the authorization of a nonfarm dwelling under ORS 215.284(3), the resulting parcel on which the dwelling will be located "need not comply with the minimum parcel size" requirement of ORS 215.780(1). LUBA concluded, however, that the "partition must leave a remaining parcel that [does comply] with the minimum parcel size" requirement of the statute.

The county argues, in effect, that LUBA erred in its conclusion that ORS 215.780(1) has any bearing on the permissibility of nonfarm dwellings or of land divisions connected with the establishment of nonfarm dwellings in EFU zones. According to the county, under the circumstances here, ORS 215.284(3) and ORS 215.263(4) contain all of the applicable criteria, and neither statute mandates a minimum lot size for any of the parcels that are created by a division of land for the purpose of locating a nonfarm dwelling on any of the resulting parts.

The county also argues that ORS 215.780(1) is inapplicable by its terms to lot sizes and land divisions related to the establishment of nonfarm dwellings. The county explains, *inter alia*:

> "This reading of the statutory framework does not conflict with ORS 215.780. Land that has been determined to have [met] the requirements of Section * * * 215.284(3) * * * is no longer zoned for exclusive farm use, and is no longer subject to the minimum sizes for agricultural operations provided for in Section 215.780. In effect, when the nonfarm partition requirements contained in Section * * * 215.284(3) * * * are met, a miniature exception has been granted for that land.
>
> "* * * * *

"The distinction missed by LUBA is that ORS 215.780 applies to partitioning or divisions of 'farm land' when the purpose is creation of a parcel to locate thereon a 'dwelling *in conjunction* with farm use'; it is not applicable to a proposal to create a parcel upon which to locate a dwelling which is '*not*' *in conjunction* with farm use. The latter type dwelling can be located upon EFU land if you first establish that, on land outside the Willamette Valley, the requirements of ORS 215.284(3) have been met." (Emphasis the county's; footnote omitted.)

Respondents answer that the county's argument and its understanding of the statutes are structured around the incorrect premise that land in an EFU zone on which a nonfarm dwelling or other nonfarm use is allowed ceases to be farm land and "is no longer zoned for exclusive farm use." Respondents assert that that is not the case, and that the land retains its EFU zoning and remains farm land, albeit land on which a nonfarm use has been permitted. Hence, according to respondents, the land remains subject to statutes, like ORS 215.780(1), which pertain expressly to EFU-zoned land.

■ We agree with respondents that the county is wrong in assuming that the allowance of nonfarm uses on EFU-zoned land divests the land of either its zoning or its character as agricultural land and that proposals to permit nonfarm uses are therefore outside the ambit of statutory and other regulations of uses on land in EFU zones. Indeed, substantial portions of ORS chapter 215 deal with whether and when nonfarm uses of various kinds *may* be permitted on EFU land. *See, e.g.*, ORS 215.213, ORS 215.283.

■ It follows that we also do not agree with the county that ORS 215.780 is inapplicable here for the reasons that the county gives. As respondents contend,[4] the text of ORS

---

[4] Respondents also contend, additionally or alternatively, that although "LUBA could have stopped" with the clear language of the statute itself, it chose instead, correctly, to go

"one step further to make sure that it rendered a decision which harmonized all the law bearing on the partitioning of land in an EFU zone. In doing so, LUBA arrived at the only result which gives full weight to the competing imperatives and goals of the legislature.

"To the extent, then, that ORS 215.780(1)(a) might have conflicted with ORS 215.263, LUBA's decision resolves that conflict and continues to allow the

215.780(1) supports the conclusion that it applies under these circumstances. It provides that, in the absence of the qualifying circumstances that are described in ORS 215.780(2) and that are not present here, the 80-acre minimum parcel size is an across-the-board requirement in EFU zones.

As noted above, the county contends that ORS 215.284(3) and ORS 215.263(4), respectively, provide all of the criteria for nonfarm dwellings and for land divisions in conjunction with their creation and that the general minimum parcel size and land division provisions of ORS 215.780 are not applicable in the specific settings where those other statutes are. We do not find this argument persuasive.

ORS 215.284(3) contains detailed criteria for permitting nonfarm dwellings. Paragraph (c) contains one of those criteria, that the dwelling will be sited on a lot or parcel created after January 1, 1993, "as allowed under ORS 215.263(4)."[5] ORS 215.263 relates generally to land divisions in EFU zones, and its 10 subsections include numerous conditions for and limitations on proposed divisions that are prerequisites to or associated with specific uses or circumstances. In that general context, ORS 215.263(4) *limits* the authority of counties to approve land divisions for nonfarm dwellings to circumstances where "the dwelling has been approved under" ORS 215.284(3) or the similar alternative statutes that apply in other circumstances. *See* 153 Or App at 394 n 3.

Although other provisions in ORS 215.263 refer to parcel sizes, *see* subsections (2) and (3), subsection (4) does not, and none that do are in any way inconsistent with ORS

---

establishment of non-farm dwellings in EFU zones as long as the parent EFU parcels remains at least as large as the minimum lot sizes which apply."

This case does not present the occasion for us to take the further step that LUBA took, or to decide whether we agree with LUBA's interpretation of the statutes that goes beyond the point that we find it necessary to reach to resolve this case. The proposal here is to partition a parcel that is smaller to begin with than the minimum lot size specified by ORS 215.780(1), and to leave no remaining parcel of any size that would not have a nonfarm dwelling on it. Consequently, if ORS 215.780(1) applies *at all* to proposed land divisions related to the siting of nonfarm dwellings, the proposal in the present case cannot satisfy the statute.

[5] ORS 215.284(2)(c) covers situations where the proposed location for the dwelling is a lot or parcel that was created before 1993.

215.780. *Compare* ORS 215.263(2)(b) *with* ORS 215.780(2) *and* (3). Moreover, subsection (4) establishes *no* criteria—pertaining to parcel sizes or anything else—*for* the allowance of land divisions related to nonfarm dwellings. Rather, it provides that a partition becomes permissible only after the dwelling itself has been approved under the other standards in ORS 215.284(3).

In sum, nothing in ORS 215.284(3) or ORS 215.263(4) is inconsistent with the simultaneous application of the parcel size and other partition requirements of ORS 215.780. Insofar as the first two statutes envision that the siting of a nonfarm dwelling may entail a land division, those statutes do not purport to establish standards of their own for land divisions or to obviate the need for compliance with any standards that may be found in other statutes. Hence, ORS 215.284(3) and ORS 215.263(4) provide no basis for concluding that the minimum parcel size requirement of ORS 215.780(1)(a) does not apply to the parcels that result from land divisions for nonfarm dwellings, and the language of ORS 215.780(1) clearly indicates that its requirements do apply to those parcels.

Furthermore, other provisions of ORS 215.780 support the above conclusion. As noted earlier, ORS 215.780(2) allows counties, in specified circumstances, to establish lesser minimum lot sizes than those required by ORS 215.780(1). Among those specific circumstances is the one described in ORS 215.780(2)(b):

> "To allow the establishment of a parcel for a dwelling on land zoned for forest use or mixed farm and forest use, subject to [detailed requirements]."

The bearing that provision has on the question here is twofold. First, by establishing the criteria under which counties may create an *exception* to ORS 215.780(1) for parcels on which a dwelling is sited in particular kinds of resource zones, ORS 215.780(2)(b) demonstrates that ORS 215.780(1) *does apply* to parcels and dwellings in those zones and, by implication, in resource zones of the other kinds mentioned in subsection (1) as well. Second, unlike the forest and mixed zones specified in ORS 215.780(2)(b), the statute permits no

exception from its minimum parcel size requirements for parcels on which dwellings are sited in EFU zones of the kind here.

Based on the text and context of ORS 215.284(3), ORS 215.263(4) and ORS 215.780(1), we conclude that the minimum lot size requirements of ORS 215.780(1) are applicable to the proposed use in this case, and that the use cannot be allowed consistently with that statute. We therefore agree with LUBA's holding.

Affirmed.