Argued and submitted February 17, affirmed March 8, both petitions for review denied June 6, 2000 (330 Or 362)

ALLIANCE FOR RESPONSIBLE LAND USE
IN DESCHUTES COUNTY,
*Respondent,*

*v.*

DESCHUTES COUNTY,
*Petitioner,*
*and*

Steve SCOTT,
*Petitioner.*

(LUBA Nos. 99-027, 99-028; CA A108586)

995 P2d 1227

Bruce W. White argued the cause and filed the brief for petitioner Deschutes County.

Robert S. Lovlien argued the cause and filed the brief for petitioner Steve Scott.

Charles Swindells argued the cause for respondent. On the brief was Thomas Johnson.

Before Armstrong, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

PER CURIAM

**PER CURIAM**

Petitioners Deschutes County and Scott seek review of LUBA's remand of the county's decisions approving two applications to divide 40-acre parcels in an exclusive farm use (EFU) zone into smaller parcels and to place nonfarm dwellings on each of the new parcels. We affirm.

Petitioners recognize that the county's decisions are contrary to *Dorvinen v. Crook County*, 153 Or App 391, 957 P2d 180, *rev den* 327 Or 620 (1998), where we held that a materially identical county decision violated the requirement of ORS 215.780(1)(a) that, subject to exceptions that have no bearing here, the minimum lot or parcel size for county lands zoned EFU must be at least 80 acres. Petitioners contend, however, that *Dorvinen* was incorrectly decided and misconstrues ORS 215.780(1). Specifically, petitioners emphasize that this court's reading of the statute is inconsistent with local governments' understanding of and implementation of this statute before the *Dorvinen* decision, inconsistent with the intent of the legislature in adopting ORS 215.780, and is not sound land use policy. As we explained in *Dorvinen*, the problem with petitioners' arguments is that the text and context of this statute simply do not support petitioners' position. Accordingly, we adhere to our opinion in *Dorvinen* and agree with LUBA that the county erred in granting the applications.

Affirmed.