Argued and submitted April 4, affirmed on judicial review and cross-judicial review June 27, 2007

Kathryn Jane PHILLIPS,
*Respondent,*
*Cross-Respondent,*

*v.*

POLK COUNTY,
*Petitioner,*
*Cross-Respondent,*
*and*

Richard MOORE
and Nicole Moore,
*Respondents,*
*Cross-Petitioners.*

Land Use Board of Appeals
2006133, 2006134, 2006135; A134575

162 P3d 338

David Doyle argued the cause and filed the brief for petitioner-cross-respondent.

Jannett Wilson argued the cause and filed the brief for respondent-cross-respondent.

Daniel A. Terrell argued the cause for respondents-cross-petitioners. With him on the brief was Law Office of Bill Kloos, PC.

Before Schuman, Presiding Judge, and Edmonds and Ortega, Judges.

EDMONDS, J.

**EDMONDS, J.**

This case is about whether state land use laws permit a county, through the procedure of a lot line adjustment, to avoid minimum parcel sizes required by state statute. Polk County and the Moores seek judicial review after the Land Use Board of Appeals (LUBA) reversed the county's decision to approve property line adjustments regarding property owned by the Moores and to approve a farm dwelling on a 160-acre parcel that is the result of those adjustments.[1] On review, we affirm LUBA's order for the reasons explained below.

The Moores own three contiguous parcels in the county's exclusive farm use zone (EFU), which provides for a minimum parcel size of 80 acres. Those parcels include a 40-acre parcel identified as parcel 1, a 115-acre parcel identified as parcel 2, and a 61-acre parcel identified as parcel 3. Under the proposed property line adjustments, parcel 1 would be reduced to 27 acres, parcel 2 would be reduced to 27 acres, and parcel 3 would be increased to 162 acres.

LUBA ruled, in part, that any parcel that is affected by a property line adjustment must comply with minimum parcel requirements after the property line adjustment, even if the parcel before the lot line adjustment had less acreage than the minimum required by the applicable zoning law. ORS 215.780(1)(a), and the county ordinance that is the analogue to ORS 215.780(1)(a), both require an 80-acre minimum parcel size for EFU zones. Because the proposed property line adjustments reduced parcels 1 and 2 to acreage below the minimum parcel size for an EFU zone, LUBA reversed the county's decisions regarding the property line adjustments for parcels 1 and 2. It also held that, because the farm dwelling that was approved for reconfigured parcel 3 did not meet land use requirements without the approval of the property line adjustments for parcels 1 and 2, the county's approval of that use also had to be reversed.

---

[1] Although the Moores are denominated as cross-petitioners on judicial review, in addition to challenging LUBA's order, they concur in Polk County's challenge to that order.

On review, the county and the Moores separately challenge LUBA's order on various grounds. We need discuss only one of them, however, because, in our view, LUBA's decision was compelled by the language of ORS 215.780(1)(a), which overrides any interpretation by the county of its own ordinances. That statute provides, in part:

"(1)   Except as provided in subsection (2) of this section, the following minimum lot or parcel sizes apply to all counties:

"(a)   For land zoned for exclusive farm use and not designated rangeland, at least 80 acres[.]"

One of the exceptions referred to in subsection (1) of the statute is ORS 215.780(2). Subsection (2) of ORS 215.780, in turn, establishes several circumstances under which a county may specify a minimum parcel size of less than 80 acres for property zoned for exclusive farm use. Paragraph (2)(a) states one such circumstance: A county may adopt a lower minimum parcel size "[b]y demonstrating to the Land Conservation and Development Commission that it can do so while continuing to meet the requirements of ORS 215.243 and 527.630 and the land use planning goals adopted under ORS 197.230." The circumstances listed in ORS 215.780(2) are stated in specific terms and express particular conditions that are restrictive in nature and operate to promote the policy of the maintenance of large blocks of farm and forest lands. *See, e.g.*, ORS 215.243 (policy statement of legislature regarding use of agricultural land). The county argues, nonetheless, that it has historically interpreted

"the land use planning concept of minimum parcel size to prohibit *creation* of new parcels that are below the minimum parcel size and further to prohibit property line adjustments that result in more parcels sized below the minimum than existed before the adjustment. This approach to property line adjustments guarantees that property owners cannot adjust adequately sized parcels into sub-sized parcels under the guise of not *creating* any new parcels while at the same time, not penalizing owners of parcels that happen to be smaller than the minimum parcel size established for the zone."

(Emphasis in original.) The short answer to the county's argument is that to accept the county's argument would be to write an exception into ORS 215.780 that does not appear in the language of the statute, contrary to the mandate of ORS 174.010.[2] In other words, nothing in the language of ORS 215.780 authorizes a land use decision that results in the creation of a new parcel of less than 80 acres in an EFU zone through a lot line adjustment based on the fact that the parcel was originally less than 80 acres.

Indeed, the legislature appears to have addressed the issue of the legality of parcels that do not satisfy the parcel size requirements of ORS 215.780(1) by its enactment of ORS 215.780(5), which provides:

> "A county with a minimum lot or parcel size acknowledged by the commission pursuant to ORS 197.251 after January 1, 1987, or acknowledged pursuant to periodic review requirements under ORS 197.628, 197.633 and 197.636 that is smaller than those prescribed in subsection (1) of this section need not comply with subsection (2) of this section."

In other words, the legislature has provided a procedure under ORS 215.780(5) for the approval of parcels of less than the minimum size required by ORS 215.780(1). However, we do not understand the county to have followed that procedure for the Moores' property. It follows that, when the Moores sought lot line adjustments for their existing parcels under the 80-acre minimum, the county was required to comply with the requirements of ORS 215.780(1). Whatever the county's historical practice has been regarding lot line adjustments, the adjustment in this case is not authorized by the legislature, and any request for a change in the law must be addressed to that body and not tribunals that are charged with the enforcement of the existing land use laws.[3]

_____

[2] ORS 174.010 provides, in part, that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]"

[3] *Cf. Dorvinen v. Crook County,* 153 Or App 391, 397, 957 P2d 180, *rev den,* 327 Or 620 (1998) (holding that, in the absence of the qualifying circumstances that are described in ORS 215.780(2), the 80-acre minimum parcel size is an

The Moores take a different tack in regard to ORS 215.780. According to the Moores, the county complied with the requirements of ORS 215.780(2)(a), an exception to the requirements of ORS 215.780(1). In their view, that compliance occurred when the Land Conservation and Development Commission (LCDC) acknowledged the county's comprehensive plan and thereafter conducted periodic reviews of its ordinances, including an ordinance that the Moores contend authorizes the county to make lot line adjustments. LCDC, however, has adopted rules for implementing ORS 215.780(2)(a), and the Moores conceded at oral argument that the county did not comply with those rules.[4]

Nonetheless, the Moores assert that,

"[c]ontrary to the view taken by [LUBA], the EFU 80-acre minimum parcel size prescribed by ORS 215.780(1) does not act as an absolute bar to the property line adjustments on appeal. There are exceptions to the statute, and the acknowledged [county ordinance] fits into one of those exceptions."

We agree with the Moores' argument that ORS 215.780(1) does not act as an absolute bar to the property line adjustment on review. Indeed, ORS 215.780(2) and ORS 215.780(5) provide for methods for counties to adopt minimum parcel sizes other than those prescribed by ORS 215.780(1). However, there is no evidence before us that the county has complied with the procedures that trigger the application of ORS 215.780(2)(a), and the Moores do not argue that ORS 215.780(5) is applicable. If the Moores mean to assert, however, that there are other exceptions to ORS 215.780(1) that authorize the county's decisions in this case that are outside the provisions of ORS 215.780, we are not persuaded. That understanding of ORS 215.780 would be inconsistent with the general structure of land use planning laws in Oregon. In general, acknowledgment of county comprehensive plans and zoning ordinances is governed by ORS

---

across-the-board requirement in EFU zones that applies to remaining parcels after any partition of land occurs).

[4] *See* OAR 660-003-0025(1) (acknowledgment review requires an evaluation and the Director may investigate and resolve issues); OAR 660-033-0100 (enumerating what is required to demonstrate acknowledgment under ORS 215.780(2)(a)).

197.005 to 197.022. Post-acknowledgment procedures are governed by ORS 197.610.[5] The provisions in those statutes operate as overarching provisions within the land use planning statutory scheme as a whole and effect a statewide policy of land use.

In contrast, as we explained above, the provisions of ORS 215.780 address a specific subject—minimum lot or parcel sizes to establish a dwelling and the exceptions to those minimum requirements. When we consider the text of ORS 215.780 and its relationship to other land use statutes, we perceive no indication that the legislature intended that counties have the authority to trump the provisions of ORS 215.780(1) through methods other than those authorized by ORS 215.780, methods that, because of their procedures, promote statewide policies of land use.[6]

In sum, we are not persuaded that the legislature intended the result that the Moores and the county suggest. Based on the above conclusions, the remaining arguments made by the county and the Moores do not warrant discussion. In the final analysis, ORS 215.780 prohibits the lot line adjustments approved by the county, and LUBA did not err in so holding.

Affirmed on judicial review and cross-judicial review.

---

[5] Acknowledgment review procedures are further defined by administrative rule in OAR 660-003-0025, rules that are discrete from the rules that regulate applications for lower size minimums for parcels under ORS 215.780(2).

[6] If the Moores' argument were correct, the provisions of ORS 215.780(2) providing exceptions to ORS 215.780(1) would be unnecessary, because each county would be authorized to establish its own "go below" exceptions to the legislature's prescribed minimum parcel sizes on an *ad hoc* basis.